UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW MONROE,

    Plaintiff,

    v.

DENVER BROWN, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-089-JD-MGG

OPINION AND ORDER

Matthew Monroe, by counsel, filed a complaint against Officer Denver Brown, Commander Bruce Hostettler, and Sheriff Robert Land alleging that, while he was housed at the Wabash County Jail, the defendants negligently and with deliberate indifference failed to protect him from an attack by another inmate. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In his complaint, Monroe alleges that on June 28, 2017, while he was incarcerated at the Wabash County Jail, another inmate brutally attacked and seriously injured him. ECF 1 at 2. He states the other inmate, who was serving a sentence for committing multiple batteries against other inmates and jail confinement staff, was housed with him in general population on the same cell block. *Id*. However, despite the inmate's history of violence, Officer Brown, Commander Hostettler, and Officers John/Jane Does allowed the inmate to "have direct access" to him. *Id*. Thus, according to Monroe, the defendants were deliberately indifferent to the known danger posed by the inmate and failed to adequately monitor and control his cell block; thereby, causing the attack. *Id*.

Monroe was a pre-trial detainee when the incident occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims). The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners

from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Giving Monroe the inferences to which he is entitled at this stage, he states a plausible Fourteenth Amendment claim for failure to protect against Officer Brown and Commander Hostettler in their individual capacities.

As to Sheriff Robert Land, Monroe alleges Land employed personnel who were careless and negligent in their failure to protect him from attack by another inmate. ECF 1 at 1-2. He also claims Land violated his non-delegable duty to provide for his reasonable care and safety. *Id.* at 2. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Monroe does not explain how Land was personally involved with his claims, he cannot proceed on a claim against him.

Furthermore, Monroe's complaint includes unnamed defendants—Officers John/Jane Does—he claims are responsible for failing to protect him from the inmate's brutal attack. However, as a practical matter Monroe's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it

3

otherwise help the plaintiff."). Therefore, he cannot proceed against Officers John/Jane Does.

For these reasons, the court:

(1) GRANTS Matthew Monroe leave to proceed against Officer Brown and Commander Hostettler in their individual capacities for compensatory and punitive damages for failing to protect Matthew Monroe from attack by another inmate while housed at the Wabash County Jail, in violation of the Fourteenth Amendment;

(2) DIRECTS the clerk and United States Marshals Service to issue and serve process on Officer Brown and Commander Hostettler at the Wabash County Jail with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(3) DISMISSES Sheriff Robert Land;

(4) DISMISSES all other claims; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Brown and Commander Hostettler respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 20, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT